# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Randall Sanders, | ) | |
| | ) | Civil Action No.: 3:21-cv-02415-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Victor Domingo, Jason Wise, Wise Choice Lawn Services, and Liberty Mutual Insurance, | ) | |
| | ) | |
| Defendants. | ) | |

The matter before the court is Defendant Liberty Mutual Insurance's ("Liberty Mutual") Motion to Sever. (ECF No. 2.) Plaintiff Randall Sanders first filed this action in the Court of Common Pleas for the Eleventh Judicial Circuit of South Carolina, alleging personal injury and property damage after a vehicle owned by Defendant Wise or Wise Choice Lawn Services ("Wise Choice"), and operated by Defendant Victor Domingo in the course of his employment with Wise Choice, collided with Plaintiff's car. (ECF No. 1-2 at 2-3.) As to Liberty Mutual, Plaintiff alleges breach of insurance contract, fraud and misrepresentation, and bad faith after Liberty Mutual failed to cover damages to his property arising from the accident pursuant to two separate insurance policies held by Plaintiff and Wise Choice. (*Id*. at 12-14.)

Liberty Mutual removed this action to this court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332 for diversity of citizenship between Plaintiff and Liberty Mutual. (ECF No. 2.) Liberty Mutual acknowledges that diversity is lacking between Plaintiff and Defendants Domingo, Wise, and Wise Choice (collectively, "Co-Defendants"), but claims those defendants are

fraudulently joined in this action. In its Motion to Sever, Liberty Mutual requests that this court retain jurisdiction over Plaintiff's claims against it and remand to state court Plaintiff's separate claims against Co-Defendants. Plaintiff has not responded to Liberty Mutual's Motion.

For the reasons stated below, the court **GRANTS** Liberty Mutual's Motion to Sever (ECF No. 2) and **SEVERS** Plaintiff's causes of action against Liberty Mutual from the causes of action against (1) Defendant Victor Domingo (2) Defendant Jason Wise, and (3) Defendant Wise Choice Lawn Services. The court **REMANDS** the claims asserted against these Co-Defendants to state court for further proceedings. This court retains exclusive jurisdiction over Plaintiff's claims against Liberty Mutual. The district court clerk is hereby directed to send the file to the Richland County Court of Common Pleas, file this Order, and provide copies to counsel.

**I.     RELEVANT FACTUAL AND PROCEDURAL BACKRGOUND**

This case arises from a car accident in which Plaintiff sustained personal injuries and property damage. Plaintiff asserts he is insured by a Liberty Mutual policy ("Plaintiff Policy"), and that Defendants Wise and Wise Choice carry a Liberty Mutual commercial liability insurance policy ("Commercial Policy"). (ECF No. 1-2 at 4 ¶ 14-15.) Plaintiff's claims for fraud, misrepresentation, breach of contract, and bad faith against Liberty Mutual stem from its denial of his personal property claims in the wake of the accident. (*Id*. at 5-4 ¶¶ 16-20.) On the other hand, Plaintiff sued Co-Defendants for negligence, gross negligence, recklessness, and willful and wanton conduct.[1] (*Id*. at 4-8.)

Liberty Mutual is incorporated under the laws of Illinois and has its principal place of business in Massachusetts. (ECF No. 1 at 2.) Plaintiff and all other Co-Defendants are South

---

[1] Plaintiff also asserted a number of other claims grounded in negligence, including negligent hiring, supervision, entrustment, retention, training, and *respondeat superior*, all arising from the same car accident.

Carolina citizens and residents. (*Id.*) Plaintiff did not expressly provide an amount in controversy in his Complaint but seeks damages "in the amount of losses incurred," along with punitive damages and attorney's fees. (ECF No. 1-2 at 11, 14.) On July 29, 2021, Plaintiff filed an Offer of Judgment in the amount of $100,000 against all Defendants. (ECF No. 2 at 3.) Liberty Mutual filed a Notice of Removal to federal court on August 3, 2021. (ECF No. 1.) Liberty Mutual alleges that Co-Defendants are improperly joined in this action under Rules 20 and 21 of the Federal Rules of Civil Procedure and must be severed from this case. (ECF No. 1 at 4.) Liberty Mutual argues the claims against Co-Defendants sound in tort law, while those asserted against Liberty Mutual arise from the validity and interpretation of the insurance contract between itself and Plaintiff. (ECF No. 2 at 3.) Referencing the different legal theories presented against it and the other Co-Defendants, Liberty Mutual argues that "there exist no common questions of law and fact between these separate claims" (*id*. at 5) and contends these claims do not "arise from the same transaction or occurrence" (*id*. at 6). Accordingly, Liberty Mutual asks the court to invoke its discretion under Rule 21 of the Federal Rules of Civil Procedure to sever the claims against Co-Defendants from this case. Liberty Mutual urges the court to exercise its diversity jurisdiction over the case between itself and Plaintiff, and remand Plaintiff's claims against Co-Defendants to state court. (*Id.*)

## II.     LEGAL STANDARD

### A. Joinder and Severance of Parties

Rule 20(a)(2) of the Federal Rules of Civil Procedure describes the requirements for permissive joinder: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The

3

United States Supreme Court has articulated that "the impulse is toward the broadest possible scope of action [that is] consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).  Additionally, the Court of Appeals for the Fourth Circuit has explained that "Rule 20 grants courts wide discretion concerning the permissive joinder of parties." *Aleman v. Chugach Support Servs. Inc.*, 485 F. 3d 206, 218 n.5 (4th Cir. 2007).

A district court also possesses broad discretion in ruling on a requested severance under Fed. R. Civ. P. 21.  *See Saval v. BL, Ltd.*, 710 F.2d 1027, 1031–32 (4th Cir. 1983).  Specifically, whether to drop parties from a case to establish diversity between the remaining parties is a decision within the trial court's discretion.  *Caperton v. Beatrice Pocahontas Coal Co.*, 585 F. 2d 683, 691 (4th Cir. 1978) ("There is, of course, sound authority for the view that non-diverse parties whose presence is not essential under Rule 19 may be dropped to achieve diversity between the plaintiffs and the defendants. . . ").  However, a court cannot ignore Rule 20's requirements.  *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also, e.g., McCoy v. Willis*, No. 4:07-cv-3563-PMD, 2008 WL 4221745, at *5 (D.S.C. Sept. 15, 2008).  If Rule 20's requirements are not met, and defendants are deemed improperly joined, the court "on motion or on its own ... may at any time, on just terms . . . drop a party." Fed. R. Civ. P. 21 (emphasis added); *see also Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time . . . ").  A court can sever misjoined parties if the severance will not prejudice substantial rights. *See, e.g., Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

### B. <u>Removal and Diversity Jurisdiction</u>

A party seeking to remove a case from state to federal court bears the burden of

demonstrating that jurisdiction is proper at the time it files its petition for removal. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996). If federal jurisdiction is doubtful, remand is necessary. *Mulchaey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (noting Congress's "clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction"); *see also Auto Ins. Agency, Inc. v. Interstate Agency, Inc.,* 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

The right to remove a case from state to federal court derives solely from 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Absent jurisdiction based on the presentation of a federal question, *see* 28 U.S.C. § 1331 (2012), a federal district court only has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). "[28 U.S.C. § 1332(a)] and its predecessors have consistently been held to require complete diversity of citizenship. That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original) (footnote omitted); *Crawford v. C. Richard Dobson Builders, Inc.*, 597 F. Supp. 2d 605, 608 (D.S.C. 2009) ("The complete diversity rule of § 1332 requires that the citizenship of each plaintiff be different from the citizenship of each defendant.").

### III.     ANALYSIS

A. <u>Misjoinder</u>

The court concludes the joinder of Plaintiff's claims against Liberty Mutual and Co-Defendants was improper under Rule 20 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 20(a)(2) explains that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Here, Plaintiff alleges a variety of negligence, gross negligence, and *respondeat superior* claims, arising out of tort law, against Co-Defendants. (ECF No. 1-2 at 5-11.) On the other hand, Plaintiff alleges bad faith and breach of contract for the insurance policy against Liberty Mutual. (*Id.* at 12-14.) These are separate causes of action, under separate theories; thus, Plaintiff did not assert a "right to relief . . . jointly [or] severally" against all Defendants. Neither do Plaintiff's respective claims against Liberty Mutual and its Co-Defendants appear to arise out of the "same transaction or occurrence." Plaintiff's tort claims arise out of the personal injury and property damage to Plaintiff's car due to the accident involving Defendant Wise, his company Wise Choice, and his employee, Victor Domingo. By contrast, the transaction at issue between Plaintiff and Liberty Mutual revolves around an insurance policy that Plaintiff and Liberty Mutual negotiated separately. While the underlying car accident provided the basis for Plaintiff's insurance claim, the independent nature of these separate transactions is not enough to inextricably intertwine Plaintiff's tort claims against Co-Defendants with any bad faith, fraud, or breach of contract claims under the insurance policy against Liberty Mutual. *See, e.g.*, *Pollock v. Goodwin*, No. 3:07-3983-CMC, 2008 WL 216381, at *3 (D.S.C. Jan. 23, 2008) (recognizing that bad faith/breach of contract claims against an uninsured

motorist carrier are "wholly distinct in character from" negligence claims against individuals arising out of an automobile accident and thus improperly joined under Rule 20); *Ortiz v. A.N.P., Inc.*, No. 10-cv-917, 2010 WL 3702595, at *6 (S.D. Tex. Sept. 15, 2010) (concluding that a tort claim to be severed did not arise out of the same transaction or occurrence for the same reason).

Moreover, the separate tort and contract claims Plaintiff asserts do not raise any questions of law or fact common to all parties, as required by Fed. R. Civ. P. 20. Plaintiff does not allege that Liberty Mutual is an alleged tortfeasor or relates to the alleged tortfeasors. Plaintiff's bad faith, fraud, and breach of contract claims against Liberty Mutual arise instead out of an insurance contract. Determining whether Co-Defendants breached a duty of care to Plaintiff will generally require a separate legal inquiry than the contract-based claims against Liberty Mutual. Addressing similar facts in *Cramer v. Walley*, this court concluded that "the weight of authority holds that claims for negligent operation of an automobile do not arise from the same transaction or occurrence as a subsequent claim against an insurer. . . involving coverage questions, and therefore cannot be joined under Fed. R. Civ. P. 20." *Cramer v. Walley*, No. 5:14-cv-03857-JMC, 2015 WL 3968155 at *1 (D.S.C. June 30, 2015); s*ee also Defourneaux v. Metro. Prop. & Cas. Ins. Co.*, 2006 WL 2524165 (E.D. La. 2006) (severing the plaintiffs' negligence claims from their contract claims as to the flood damage to plaintiffs' property and concluding plaintiffs' claims against the defendants "did not arise from the same transaction or occurrence, and do not present common issues of law or fact, and as such, have been improperly joined.").

### B. Severance of Claims upon Removal from State Court

The court next turns to whether Plaintiff's claims against Liberty Mutual should be severed. Four factors illuminate this analysis: (1) whether the issues sought to be severed are "significantly different from one another;" (2) whether the issues require different witnesses and evidence; (3)

7

whether the "party opposing severance will be prejudiced; and (4) whether the party requesting severance will be prejudiced if the claims are not severed." *Cramer*, No. 5:14-cv-03857-JMC, 2015 WL 3968155 at *5 (citing *Grayson Consulting, Inc. v. Cathcart,* No. 2:07-cv-02992-DCN, 2014 WL 1512029, at *2 (D.S.C. Apr. 8, 2014).

First, the court finds that the claims may not be joined together because they are significantly different: As discussed above, Plaintiff asserts two classes of claims, grounded in tort and contract law, respectively, against two classes of defendants. These claims involve different factual and legal issues and arise from different transactions or occurrences. Second, Liberty Mutual's assertion that it might be prejudiced in having the claims against it joined with the separate and unrelated claims of tort liability against Co-Defendants is meritorious. (*See* ECF No. 2 at 12.) For example, a jury that determines Co-Defendants were negligent and caused Plaintiff's damages could find against Liberty Mutual on the contract-based claims for no reason other than their resulting sympathy for Plaintiff. Co-Defendants, on the other hand, will not suffer similar prejudice from the severance and remand of Plaintiff's tort claims, which Plaintiff raised in state court at the outset of this case.

Accordingly, severance of Plaintiff's tort claims against Co-Defendants is appropriate in this matter. Because Plaintiff and the Co-Defendants are undisputedly non-diverse, this court must remand Plaintiff's tort claims against Co-Defendants to state court.

### C. Diversity Jurisdiction

The final inquiry is whether the court has diversity jurisdiction over Plaintiff's claims against Liberty Mutual. As noted above, the parties have diverse citizenship: Plaintiff is a citizen of South Carolina, while Liberty Mutual is a citizen of Illinois and Massachusetts. (ECF No. 1 at 3.) Moreover, on July 26, 2021, Plaintiff filed an Offer of Judgment for $100,000 against all

Defendants. (ECF No. 1-1.) To date, Plaintiff has neither responded to Liberty Mutual's Motion to Sever nor filed a motion to remand the case to state court. The only issue is whether Plaintiff's claims against Liberty Mutual satisfy the amount in controversy requirement of 28 U.S.C. § 1332(a).

Here, the court finds they do. Generally, "[d]iversity may be created after the filing of a complaint through voluntary acts of the plaintiff." *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 754 (4th Cir. 1996) (citations omitted). And 28 U.S.C. § 1446(b) specifically contemplates removal within thirty (30) days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, *or other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (emphasis added). In *Yarnevic*, the Fourth Circuit broadly interpreted what could constitute such "other paper[s]" within the scope of § 1446(b), holding that it was not necessary for such "'motion, order or other paper' [to] be part of the state court record, especially in a case like this where diversity is created by a voluntary act of the plaintiff and the case has already been properly removed." *Yarnevic*, 102 F.3d at 754. Instead, the Fourth Circuit deemed "[t]he 'motion, order or other paper' requirement [] broad enough to include any information received by the defendant, 'whether communicated in a formal or informal manner.'" *Id*. Here, Plaintiff's Offer of Judgment was communicated to all defendants and their attorneys in a formal manner. It set forth obligations, by which, upon Defendants' acceptance, all parties would be bound.[2] The court concludes the Offer of Judgment constitutes "a motion, order or other paper" which could inform Defendants that the case had become removable and starting the clock for removal under 28 U.S.C. § 1446(b).

---

[2] For instance, Plaintiff agreed to "discharge <u>any and all claims and causes of action against all Defendants</u> arising out of the circumstances described in Plaintiff's Complaint." (ECF No. 1-1 at 1 (emphasis in original)).

While the Offer of Judgment does not indicate how the total amount requested breaks down between each Defendant, it evidences Plaintiff's intent to seek a total recovery in excess of $75,000 in this case.  Taking into consideration the posture of the defendants as the alleged tortfeasors and the insurer of Plaintiff's losses, the court can surmise that the $100,000 amount represents Plaintiff's perception of his total losses and the amount he seeks to recover from *either* Defendant.  Plaintiff brings his contract claims against Liberty Mutual to force it to cover his losses from the accident.  Thus, any claim of damages against Co-Defendants will likely be at issue in Plaintiff's case against Liberty Mutual as well.

Plaintiff's Complaint also indicates his intent to seek punitive damages against all Defendants.  (ECF No. 1-2 at 14.)  While punitive damages "must be included in the calculation of the amount in controversy," *Am. Health & Life Ins. Co. v. Heyward*, 272 F. Supp. 2d 578, 581 (D.S.C. 2003) (citing *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943)), "[c]ourts within this district have unequivocally held that 'a request for punitive damages will not necessarily preclude remand for failure to establish the amount in controversy required to exercise federal jurisdiction.'" *Murray v. Progressive Northern Ins.*, No. 2:21-cv-03148-DCN, 2022 WL 42813, at *2 (D.S.C. Jan. 5, 2022).  Many such cases, however, involved stipulations by plaintiffs that they sought less than $75,000 in total damages, including punitive damages.  *See id.*; *Cox v. Willhite Seed, Inc.*, No. 1:13-cv-02893-JMC 2014 WL 6816990, at *1-2 (D.S.C. Dec. 4, 2014).  In such cases, the court interpreted the plaintiffs' stipulation as a clarification of the amount in controversy in the case, which was not initially specified in their complaint.  *Id.* at *2.  Here, the court finds Plaintiff's Offer of Judgment and his failure to challenge Liberty Mutual's assertion that the amount in controversy exceeds the jurisdictional threshold, through a motion to remand or

otherwise, is indicative of the fact that the amount in controversy requirement of 28 U.S.C. §1332(a) is indeed satisfied.

## IV.     CONCLUSION

The court hereby **GRANTS** Liberty Mutual's Motion to Sever (ECF No. 2) and **SEVERS** Plaintiff's causes of action against Liberty Mutual from the causes of action against (1) Defendant Victor Domingo (2) Defendant Jason Wise, and (3) Defendant Wise Choice Lawn Services. The court **REMANDS** the claims asserted against these Co-Defendants to the Court of Common Pleas for the Eleventh Judicial Circuit of South Carolina for further proceedings. This court retains exclusive jurisdiction over Plaintiff's claims against Liberty Mutual.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 11, 2022
Columbia, South Carolina

11