IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Randall Sanders, | ) | |
| | ) | Civil Action No.: 3:21-cv-02415-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Victor Domingo, Jason Wise, Wise Choice Lawn Services, and Liberty Mutual Insurance, | ) | |
| | ) | |
| Defendants. | ) | |

The matter before the court is Defendant Liberty Mutual Insurance's ("Liberty Mutual") Motion to Dismiss, and in the Alternative, to Sever/Bifurcate the claims against Liberty Mutual. (ECF No. 11.) Plaintiff Randall Sanders first filed this action in the Court of Common Pleas for the Eleventh Judicial Circuit of South Carolina, alleging personal injury and property damage after a vehicle owned by Defendant Wise or Wise Choice Lawn Services ("Wise Choice"), and operated by Defendant Victor Domingo in the course of his employment with Wise Choice, collided with Plaintiff's car. (ECF No. 1-2 at 2-3.) As to Liberty Mutual, Plaintiff alleges breach of insurance contract, fraud/misrepresentation, and bad faith after Liberty Mutual failed to cover damages to his property arising from the accident pursuant to two separate insurance policies held by Plaintiff and Wise Choice. (*Id*. at 12-14.)

Liberty Mutual removed the case to this court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332 for diversity of citizenship between Plaintiff and Liberty Mutual. (ECF No. 1.) In its prior order, the court severed Defendants Domingo, Wise, and Wise Choice (collectively, "Co-

1

Defendants"), from this suit and remanded all claims against them to state court, while retaining jurisdiction over Plaintiff's claims against Liberty Mutual. (ECF No. 12.) Now, the court considers only Liberty Mutual's Motion to Dismiss (ECF No. 11 at 1-3.) Plaintiff has not responded to Liberty Mutual's Motion.

For the reasons stated below, the court **GRANTS IN PART** Liberty Mutual's Motion to Dismiss (ECF No. 11) and **DISMISSES** Plaintiff's claim for fraud/misrepresentation against Liberty Mutual without prejudice. Plaintiff's claims for breach of contract and bad faith are not affected by this ruling.

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKRGOUND

This case arises from a car accident in which Plaintiff sustained personal injuries and property damage. Plaintiff asserts he is insured by a Liberty Mutual policy ("Plaintiff Policy"), and that Defendants Wise and Wise Choice carry a Liberty Mutual commercial liability insurance policy ("Commercial Policy"). (ECF No. 1-2 at 4 ¶ 14-15.) Plaintiff's claims for fraud/misrepresentation, breach of contract, and bad faith against Liberty Mutual stem from its denial of his personal property claims in the wake of the accident. (*Id.* at 5-4 ¶¶ 16-20.)

Liberty Mutual filed a Notice of Removal to federal court on August 3, 2021. (ECF No. 1.) Prior to removal, Liberty Mutual filed a Motion to Dismiss under South Carolina Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's claims for fraud/misrepresentation and bad faith should be dismissed due to Plaintiff's "failure to state facts sufficient to constitute a cause of action."[1] (ECF No. 11 at 2.)

---

[1] Liberty Mutual does not challenge Plaintiff's claim for breach of contract. In any case, the court finds Plaintiff's breach of contract claim is plausibly alleged and survives scrutiny under Fed. R. Civ. P. 12(b)(6).

2

## II.    LEGAL STANDARD

### A.  Motion to Dismiss under Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). "In considering a 12(b)(6) challenge to the sufficiency of a complaint, this Rule must be applied in conjunction with the liberal pleading standard set forth in Federal Rule of Civil Procedure 8(a)." *Jenkins v. Fed. Bureau of Prisons*, C/A No. 3:10-1968-CMC-JRM, 2011 WL 4482074, at *2 (D.S.C. Sept. 26, 2011). Rule 8(a) provides that to be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in the light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). "In so doing, a court may consider documents attached to the complaint or the motion to dismiss 'so long as they are integral to the complaint and authentic.'" *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Pleading Requirements under Rule 9(b)

Rule 9(b) imposes a heightened pleading standard on fraud claims, requiring a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "To meet this standard, a plaintiff must, at a minimum, describe 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)). *See also U.S. ex. rel. Kasowitz Benson Torres LLP v. BASF Corp.*, 285 F. Supp. 3d 44, 47 (D.D.C. 2017) ("To allege fraud, a plaintiff must state the time, place, and content of the false misrepresentations, the fact misrepresented, and what was obtained or given up as a consequence of the fraud." (citing *U.S. ex rel. Joseph v. Cannon*, 642 F.2d 1373, 1385 (D.C. Cir. 1981))). These facts are often "referred to as the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Wilson*, 525 F.3d at 379 (citation omitted). Failure to comply "with Rule 9(b)'s particularity requirement for allegations of fraud is treated as a failure to state a claim under Rule 12(b)(6)." *Harrison*, 176 F.3d at 783 n.5 (citing *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997)).

### III.     ANALYSIS

#### A. Fraud/Misrepresentation

Plaintiff's Complaint states that Liberty Mutual, through its agents and employees, "knowingly made false and deceptive statements to Plaintiff, by stating that: (a) there was no proof [or] evidence to support Plaintiff's claim for [p]ersonal [p]roperty; (b) there was no evidence that

4

Plaintiff's [p]ersonal [p]roperty was in Plaintiff's vehicle or in his trailer at the time of the [c]ollision; [and] (c) there was no evidence that Plaintiff's [p]ersonal [p]roperty was damaged or lost in the [c]ollision." (ECF No. 1-2 at 12-13 ¶ 78.) Plaintiff claims he "relied upon" these "material" representations, which were "intended to mislead and deceive" him, did, in fact, mislead and deceive him, and caused him to incur an unspecified amount in damages. (*Id.* at 13 ¶¶ 79-81.)

Liberty Mutual's Motion to Dismiss, filed prior to removal, is grounded in South Carolina law. This court, however, must apply the Federal Rules to matters of procedure, including dismissal due to Plaintiff's failure to state an adequate claim for relief. *See* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court"); *see also Patterson v. Whitlock*, 392 F. App'x 185, 187 n.4 (4th Cir. 2010). Therefore, Liberty Mutual's claims must be evaluated under the standards expressed within Fed. R. Civ. P. 12(b)(6), which governs the dismissal of actions for failure to state a claim for relief. In addition, the court must look to Fed. R. Civ. P. 9(b), which imposes a heightened pleading standard on claims alleging fraudulent conduct. *See, e.g., N. Am. Cath. Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 13 (1st Cir. 2009) ("Rule 9(b)'s heightened pleading standard applies to state law fraud claims asserted in federal court."). Of course, the well-settled *Erie* doctrine requires this court, sitting in diversity, to apply South Carolina's substantive law to Plaintiff's state law claims. *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996).

At the outset, the court notes South Carolina law establishes several distinct causes of action for fraud.[2] Plaintiff's claim for "fraud/misrepresentation" does not clarify which precise

---

[2] Plaintiff's Complaint states a claim for fraud/misrepresentation, which may fit into multiple causes of action which describe different forms of fraudulent conduct. In addition to actual and constructive fraud, South Carolina law also contains, *inter alia*, causes of action for fraud in the inducement, fraudulent concealment, and negligent misrepresentation. The court limits its analysis to actual or constructive fraud and negligent misrepresentation here, because these causes of action

5

cause of action he alleges, and therefore, does not even meet the minimal initial requirement of adequately stating a claim for relief.  *See Twombly*, 550 U.S. 544, 546 (2007) *("[O]nce a claim has been stated adequately*, it may be supported by showing any set of facts consistent with the allegations in the complaint.") (emphasis added).  Here, the court interprets Plaintiff's Complaint to assert causes of action for actual or constructive fraud or negligent misrepresentation.

To establish actual fraud,[3] a plaintiff must demonstrate: "(1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury."  *Ardis v. Cox*, 431 S.E.2d 267, 269 (S. C. Ct. App. 1993).  Constructive fraud, on the other hand, can be established by proving every element of actual fraud, except the element of intent.  *Id.* (citing *O'Quinn v. Beach Associates,* 249 S.E.2d 734 (S.C. 1978)).

*Twombly* and *Iqbal* articulated the governing pleading standard under Fed. R. Civ. P. 12(b)(6), requiring that "a complaint [] state a plausible claim for relief, [and] rejecting a standard that would allow a complaint to 'survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 587 (4th Cir. 2015).  Plaintiff's claim for fraud/misrepresentation does not meet this standard.  His

---

most closely fit the limited facts in Plaintiff's Complaint. For instance, Plaintiff has not pleaded any facts evidencing fraud in the inducement to enter a contract or fraudulent concealment.

[3] Some cases frame this as fraud based on a representation.  *See West v. Gladney*, 533 S.E.2d 334, 337 (S.C. Ct. App. 2000) (listing elements identical to those of actual fraud for "fraud based on a representation.")

allegations are largely conclusory, and he does not explain how the denial of his insurance claim constituted a false representation. He provides little factual context for his claims, and ultimately, "only speculation can fill the gaps in [his] complaint." *Id.* at 586. Moreover, Plaintiff's Complaint fails to address several elements of this cause of action: he does not allege that Liberty Mutual, through its agents, knew its statements were false (for example by alleging Liberty Mutual intentionally or negligently misrepresented the coverage of Plaintiff's policy at the time the contract was signed), nor that Plaintiff had a right to rely on any such statements. While Plaintiff indicates that the referenced statements were material and that he relied upon them, these allegations are conclusory at best, because he states no factual basis and provides no explanation of how or why he relied on these statements. *Twombly* bars conclusory allegations of this nature, explaining that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007). Indeed, it appears that Plaintiff attempts to convert a claim for relief grounded in contract law (alleging that Liberty Mutual breached some contractual obligations under Plaintiff's insurance policy) into an action in fraud, by implying that Liberty Mutual lied to him about what his policy covered and subsequently denied his claims. This reformulation, however, could turn every claim involving a denial of a contractual benefit into an action for fraud. This is precisely why the law requires a plaintiff to show that the particular elements of each pleaded cause of action have some demonstrable basis in fact. Plaintiff's claim for fraud does not satisfy this requirement. Therefore, pursuant to Rule 12(b)(6), it must be dismissed.

If the court interprets the Complaint to set forth a claim for negligent misrepresentation instead, this reasoning applies in equal force. To establish a *prima facie* case for negligent

misrepresentation, a plaintiff must show: "(1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the representation; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; (4) the defendant breached that duty by failing to exercise due care; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance on the representation." *Turner v. Milliman*, 708 S.E.2d 766, 769 (S.C. 2011) (citations omitted). Plaintiff does not identify how he relied on Liberty Mutual's representations that his claims were not covered under his policy, nor that the representations made to Plaintiff were false. Again, it appears that the falsity of any representations regarding Plaintiff's policy coverage is a disputed issue of contract law. Thus, Plaintiff's negligent misrepresentation claim, too, does not survive scrutiny under Rule 12(b)(6).

Finally, the court notes Plaintiff's Complaint does not satisfy the heightened pleading standards under Fed. R. Civ. P. 9(b), which "requires that all averments of fraud must be stated with particularity, to place a defendant on notice of the alleged misdeeds of which it is accused and to avoid the damage to a defendant's reputation which can flow from general, unsubstantiated charges of fraud." *Lemacks v. Consol. Freightways Corp. of Delaware*, No. 1:95-cv-2117-6, 1997 WL 998323, at *3 (D.S.C. July 16, 1997). Fourth Circuit law requires a pleading party to specify "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (citing 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil § 1297, at 590 (2d ed. 1990)). As noted above, Plaintiff merely alleges that certain false representations regarding coverage under his insurance policy were made by Liberty Mutual and its agents after the accident precipitating his insurance claim.

Plaintiff does not explain how these claims were "false," does not set forth sufficient circumstances to allow the court to determine how he was defrauded, and does not explain what, if any, "contact [Plaintiff] had with [the defendant] prior to" the time the misrepresentations were made, such as at the time of contracting. *Sadler v. Pella Corp.*, 146 F. Supp. 3d 734, 757 (D.S.C. 2015).

Plaintiff's failure to comply with "Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." *See United States ex rel. Thompson*, 125 F.3d at 901. This too, requires Plaintiff's claim to be dismissed.

### B. Bad Faith

Plaintiff also states a cause of action for "bad faith" against Liberty Mutual. (*Id*. at 13 ¶¶ 82-85.) Plaintiff argues that Liberty Mutual owed him a "duty of good faith and fair dealing" in investigating and handling his claim. By failing to conduct a reasonable investigation, ignoring Plaintiff's evidence supporting his claim, making unreasonable demands to Plaintiff, and making false allegations in denying Plaintiff's claim, Plaintiff argues Liberty Mutual failed "to exercise the degree of good faith and fair dealing that a reasonable and prudent person or entity would have exercised" and "forced Plaintiff to file suit." (*Id*. at 13-14 ¶¶ 84.) South Carolina recognizes a cause of action by an insured against an insurer for "bad faith and unreasonable action by the insurer in processing a claim under their mutually binding insurance contract." *Nichols v. State Farm Mut. Auto. Ins. Co.*, 279 S.C. 336, 340, 306 S.E.2d 616, 619 (1983) (noting that "the public policy reasons for recognizing this cause of action are plentiful" and "an insured ordinarily possesses no bargaining power and no means of protecting himself" against unfair action by an insurance company.) The elements of an action for bad faith refusal to pay benefits under an insurance contract include "(1) the existence of a mutually binding contract of insurance between the plaintiff and the defendant; (2) refusal by the insurer to pay benefits due under the contract; (3)

resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damage to the insured."[4]  *Cock-N-Bull Steak House, Inc. v. Generali Ins. Co.*, 321 S.C. 1, 6, 466 S.E.2d 727, 730 (1996).

Here, Plaintiff lays out the allegations against Liberty Mutual in detail, alleging the existence of an insurance contract between himself and Liberty Mutual, and explaining that Liberty Mutual failed to pay benefits that were due under the contract because it failed to conduct a good faith and reasonable investigation and ignored evidence supplied by Plaintiff.  Taking the factual allegations in Plaintiff's complaint to be true, Plaintiff effectively argues that his insurance policy covered his claim, and Liberty Mutual denied his claim without adequate explanation and rejected evidence he supplied upon its request.  Thus, he asserts Liberty Mutual's actions constitute a bad faith denial of an insurance benefit.  Plaintiff's statement of facts supports his allegations and therefore "raises the right to relief above the speculative level," *Twombly*, 550 U.S. 544, 555 (2007), even if the actual chance of "recovery is very remote and unlikely."  *Id*. (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  Here, Plaintiff has satisfied the plausibility requirement of Rule 12(b)(6) as articulated in *Twombly* and *Iqbal*, and therefore, his claim for the bad faith denial of insurance benefits against Liberty Mutual survives dismissal.

## IV.     CONCLUSION

The court hereby **GRANTS IN PART** Liberty Mutual's Motion to Dismiss (ECF No. 11) and **DISMISSES** Plaintiff's claim for fraud/misrepresentation against Liberty Mutual without prejudice.  Plaintiff's claims for breach of contract and bad faith are not affected by this ruling.

---

[4] Because Plaintiff is required to demonstrate the existence of a contract between *plaintiff and defendant*, he cannot recover for any bad faith action with respect to processing his claims under Defendant Wise Choice's separate insurance policy with Liberty Mutual.  *See also Kleckley v. Nw. Nat. Cas. Co.*, 526 S.E.2d 218, 219-20 (S.C. 2000) ("A tort action for an insurer's bad faith refusal to pay benefits does not extend to third parties who are not named insureds.")

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 18, 2022
Columbia, South Carolina

11